UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,
Alachua County Jail Inmate
No. ASO13MNI009026,
    Plaintiff,

vs.        Case No.: 1:23cv25/AW/ZCB

BRIAN C. RODGERS,
    Defendant.
    _____/

## REPORT AND RECOMMENDATION

Plaintiff is a pretrial detainee in the Alachua County Jail. He filed this *pro se* lawsuit in the Southern District of Florida.[1] (Doc. 1). The case was transferred to this Court on February 9, 2023. (Doc. 4). Plaintiff has not paid the filing fee. Instead, he has filed a motion to proceed *in forma pauperis* (IFP). (Doc. 3). After reviewing Plaintiff's litigation history, the undersigned believes Plaintiff is barred from proceeding IFP under the "three strikes rule" found in 28 U.S.C. § 1915(g). Thus, Plaintiff was required to pay the filing the fee when he brought this lawsuit. Because he failed to do so, this case should be dismissed without prejudice.

---

[1] Plaintiff dates his complaint February 15, 2023 (Doc. 1 at 17), but the Clerk of Court for the Southern District of Florida received Plaintiff's complaint on February 7, 2023 (*Id.* at 1).

1

## I.   Discussion

Under the three strikes provision, a "prisoner" cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g).  A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id*.  According to *Dupree*, a prisoner cannot avoid dismissal by "simply

2

pay[ing] the filing fee after being denied *in forma pauperis* status" because the fee was due "at the time he *initiate[d]* the suit." *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates a lawsuit).

Here, Plaintiff is a "prisoner" who is subject to the three strikes rule. *See* 28 U.S.C. § 1915(g), (h). The Court has reviewed Plaintiff's litigation history in the Public Access to Court Electronic Records (PACER) database. PACER shows that Plaintiff (while a "prisoner") has previously filed at least four federal court actions that were dismissed for reasons that count as strikes. More specifically:

- *Ballard v. Watson*, No. 1:22cv103-AW-MAF (N.D. Fla. July 28, 2022) (dismissed for failure to disclose prior litigation)[2];

---

[2] A dismissal for failing to disclose prior litigation history is deemed malicious and an abuse of the judicial process, which counts as a strike for purposes of 28 U.S.C. § 1915(g). *See, e.g.*, *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (holding that prior dismissal for failure to disclose the existence of a prior lawsuit "is precisely the type of strike that Congress envisioned when drafting section 1915(g)"); *Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008) (explaining "that a dismissal based on a petitioner's abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious: dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)") (cleaned up).

3

- *Ballard v. Broling*, No. 1:22cv104-AW-MJF (N.D. Fla. July 28, 2022) (dismissed for failure to disclose prior litigation); and

- *Ballard v. State of Florida Judicial Qualifications*, No. 4:22cv266-MW-MAF (N.D. Fla. Sept. 12, 2022) (dismissed for failure to disclose prior litigation and for seeking monetary relief against a defendant who is immune from such relief).

- *Ballard v. Florida Bar Association*, No. 4:22cv183-WS-MAF (N.D. Fla. Oct. 5, 2022) (dismissed for failure to state a claim, failure to disclose prior litigation history, and for seeking monetary relief against a defendant who is immune from such relief). [3]

In fact, this Court has previously held that Plaintiff is a three-striker who is barred from proceeding IFP in *Ballard v. State of Florida*, No. 4:22cv445-MW-MAF (N.D. Fla. Feb. 13, 2023) (Docs. 7, 15).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP. Thus, he should have paid the filing fee at the time of filing. He failed to do so. And he has not alleged that he is "under imminent danger of serious

---

[3] The plaintiff in these previously filed cases is identified as Inmate #ASO13MNI009026. Plaintiff here identifies himself with that same inmate number. (Doc. 1 at 1).

4

physical injury" as required for the exception in § 1915(g) to apply. Dismissal without prejudice is, therefore, appropriate. *See Dupree*, 284 F.3d at 1236-37.

## II.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (Doc. 3), be **DENIED**;

2. This action be **DISMISSED without prejudice** under 28 U.S.C. § 1915(g); and

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 15th day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**